[Docket No. 10]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| SAAED MOSLEM, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN ROBERT STRAUHS, <br> STEPHEN R. STRAUHS, CPA PC <br><br> Defendants. | Civil No. 23-20119 (RMB-EAP) <br><br> **MEMORANDUM OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon Plaintiff Saaed Moslem's Motion for Reconsideration. [Docket No. 10.] Petitioner seeks reconsideration of this Court's Opinion and Order *sua sponte* dismissing his First Amended Complaint, [Docket No. 6 ("FAC")], for lack of subject matter jurisdiction. For the reasons discussed below, the Court **DENIES** the motion for reconsideration.

## I.  FACTUAL BACKGROUND

Plaintiff is a prisoner incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. [*See* FAC at 1.] He alleges a breach of contract against his former CPA, Stephen Strauhs and Strauhs's eponymously named CPA firm (collectively, "Defendants"). Specifically, Plaintiff alleges that Defendants breached a CPA services agreement requiring Defendants "not to disclose to others, without Plaintiff's express authorization, information furnished upon [Defendants]" by "relay[ing] information

to federal law enforcement that [Defendants] obtained from Plaintiff, in confidence." [*Id*. at 4.] Plaintiff alleges that Defendants "created fictitious and fraudulent tax returns bearing the name of Plaintiff" and filed those returns with the IRS "without Plaintiff's knowledge, consent, or participation." [*Id*.] There appears to be no basis for this Court's subject matter jurisdiction other than diversity of citizenship. [*Id*. at 1 (citing 28 U.S.C. § 1332).]

On June 3, 2021, Plaintiff was found guilty of conspiracy to defraud the IRS by a jury in the United States District Court for the Southern District of New York. *See United States v. Moslem*, 19-CR-547 (CS), 2023 WL 5610297, at *1 (S.D.N.Y. Aug. 30, 2023). According to the court in denying a motion to set aside the jury verdict, for a new trial and for appointment of counsel:

> [t]he evidence at trial included, but was by no means limited to, the testimony of Steven Strauhs, a certified public accountant who had prepared false tax returns for both Defendants and their businesses so that they could fraudulently underpay their taxes and who had provided false tax returns and other financial documents to assist them in making false loan applications. Strauhs began cooperating with the Government, and recording the Defendants, in 2012.

*Id*.

## II. PROCEDURAL BACKGROUND

Plaintiff initially filed his complaint together with an application to proceed *in forma pauperis* ("IFP"). [Docket No. 1-3.] The IFP application was incomplete, however, and the Court denied the application without prejudice and directed Plaintiff to submit an amended application answering all questions. [Docket No. 3.] Plaintiff submitted a first amended IFP application but failed to submit the required

certified trust fund account statement pursuant to 28 U.S.C. § 1915. [Docket No. 5 at 1–2.] The Court directed the Clerk of Court to file a second amended IFP application and to send Plaintiff a blank form Affidavit of Poverty and Account Certification so that he could submit the certified trust fund account statement. [Docket No. 5 at 4.]

Additionally, the Court, reviewing Plaintiff's underlying federal criminal indictment, noted that venue may not be proper in the District of New Jersey because all the alleged misconduct appeared to have taken place in New York, not New Jersey. [Docket No. 5 at 4; *United States v. Moslem*, 19-CR-547 (CS) (S.D.N.Y.), Docket No. 84. ¶ 2.] Accordingly, the Court cautioned Plaintiff that if he chose to re-submit a second amended application to proceed IFP, the Court could issue an order requiring Plaintiff to show cause as to why the case should not be transferred to the Southern District of New York. [Docket No. 5 at 4 (citing *Hensler v. New York State Dep't of Env't Conservation*, 2016 WL 3849840, at *2 (D.N.J. July 14, 2016)).]

Instead of submitting a second amended application to proceed IFP or filing his case in New York, Plaintiff paid the $402 filing fee to open this case. But the Court, intending to transfer the case as it indicated it might in the prior order, noticed an additional problem—it did not have, nor did any federal court have, subject matter jurisdiction to hear the case as pleaded. Specifically, the Court noted that in cases involving prisoners, courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration, even if he is subsequently incarcerated in a different state. [Docket No. 7 at 3 (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 247 (3d Cir. 2013)).] That presumption may be rebutted if a

3

prisoner "shows facts sufficient to indicate a *bona fide* intention to change his domicile to the place of his incarceration." [Docket No. 7 at 3 (citing *Strausbaugh v. Greentree Servicing LLC*, 2021 WL 2103602 (3d Cir. May 25, 2021)).] According to the Second Superseding Indictment forming the basis for Plaintiff's conviction, Plaintiff was previously a resident of Orange County, New York. *See United States v. Moslem*, 19-CR-547 (CS) (S.D.N.Y.), Docket No. 84. ¶ 2. And as alleged in the FAC, Defendants appeared to be citizens of New York. [*See* FAC at 2.] Accordingly, the Court issued an order directing Plaintiff to show cause as to why the Court should not dismiss for lack of subject matter jurisdiction (as opposed to transfer the case). [Docket No. 7 at 3.] The Court instructed Plaintiff to set forth facts as to why he was a citizen of New Jersey rather than New York, his last place of domicile prior to his incarceration, such that the Court could exercise subject matter jurisdiction based on diversity of citizenship. [*Id*.]

Plaintiff responded to the Court's Order to Show Cause admitting that prior to his incarceration, he was domiciled in New York, but he set forth no facts sufficient to indicate that he planned to remain in New Jersey following the completion of his prison sentence to rebut the presumption that he remains a citizen of New York. [Docket No. 8 ¶ 1.] Instead, he argued that he is a citizen of New Jersey because he no longer maintains a residence in New York and because the U.S. Census Bureau counts prisoners as citizens of their state of incarceration. [Docket No. 8 ¶¶ 1–2.] The Court rejected those arguments explaining that Plaintiff's lack of residence in New York does not show that Plaintiff had any *bona fide* intention to remain in *New Jersey*

4

following his incarceration and that while it may be good policy that Plaintiff should count as a New Jersey citizen based on U.S. Census Bureau designation, Third Circuit case law is clear that prisoner-plaintiffs are presumptively citizens of the state where they were domiciled prior to their incarceration. [Docket No. 9 at 3.]

## III.   DISCUSSION

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted a motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

No such grounds exist. Plaintiff argues that the Court should have transferred the case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404 instead of dismissing for lack of subject matter jurisdiction. [Docket No. 10 at 2–3.][1] Indeed, the Court first indicated that it might

---

[1] Plaintiff mistakenly cites 28 U.S.C. § 1406 rather than 28 U.S.C. § 1404, the federal transfer statute.

5

do so in its order denying Plaintiff's first amended application to proceed IFP. [Docket No. 5.] But upon Plaintiff's payment of the filing fee and the docketing of his FAC, the Court noticed the subject matter jurisdiction issue for the first time—that is, that Plaintiff's presumptive citizenship under Third Circuit case law is New York, not New Jersey and that, accordingly, the Court would be without subject matter jurisdiction unless Plaintiff could rebut that presumption. *See Perry v. Gonzales*, 472 F. Supp. 2d 623, 626 (D.N.J. 2007) ("The lack of subject matter jurisdiction may be raised by the court *sua sponte* at any time.").

Importantly, there would also be no diversity of citizenship in *New York* such that transfer under 28 U.S.C. § 1404 would be an appropriate remedy. Federal courts cannot transfer a case for which it lacks subject matter jurisdiction to *another* court that lacks subject matter jurisdiction to hear that same case. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must *dismiss* the action.") (emphasis added). That is because transfer to another district court requires that the case "*could* originally have been brought" in the transferee court. *See NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F.Supp. 2d 317, 319 (D.N.J. 1998) (emphasis added). Here, the action could *not* have originally been brought in New York because, again, Plaintiff is a citizen of New York, *see Fermin v. Moriarty*, 2003 WL 21787351, at *2 (S.D.N.Y. Aug. 4, 2003) ("It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile."), and Defendants are also citizens of

6

New York. Thus, subject matter jurisdiction is not proper, in New Jersey, in New York, or in any other federal district court. Plaintiff's complaint alleging only a breach of contract must go to *state* court.

Finally, Plaintiff argues that dismissal creates undue hardship because Plaintiff would be required to pay the $402 filing fee again. Not so. First, the Court in no way suggested that Plaintiff had to pay the $402 filing fee instead of proceeding IFP (which would still require Plaintiff to pay the full filing fee but over time, *see* 28 U.S.C. § 1915(b)). Second, because the Southern District of New York would have no jurisdiction over Plaintiff's action anyway, paying another $402 filing fee to open a new action would be futile. Third, and most relevantly, parties are not entitled to the return of their filing and docketing fees no matter whether the case is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits. *See Capograsso v. State Farm Ins. Co.*, 2009 WL 2580432, at *1 (D.N.J. Aug. 18, 2009) (citing *Porter v. Dep't of Treasury*, 564 F.3d 176, 179 (3d Cir. 2009)).

**IT IS** therefore on this **18th** day of **December** **2023** hereby:

1. **ORDERED** that Plaintiff's Motion for Reconsideration [Docket No. 10] is **DENIED**; and it is finally

2. **ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

> **s/Renée Marie Bumb**
> RENÉE MARIE BUMB
> Chief United States District Judge